**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAY 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD BARBER and BARBARA BARBER, <br><br>       Plaintiffs - Appellants, <br><br> v. <br><br> REMINGTON ARMS COMPANY, INC.; et al., <br><br>       Defendants - Appellees. | No. 13-35336 <br><br> D.C. No. 2:12-cv-00043-DLC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted May 4, 2015
Seattle, Washington

Before: KLEINFELD, GOULD, and CHRISTEN, Circuit Judges.

---

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Richard and Barbara Barber appeal from the district court's dismissal of their defamation claim against Remington. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

On October 23, 2000, the Barbers' son was killed when a Remington Model 700 rifle accidentally discharged. In 2002, the Barbers and Remington entered into a settlement agreement in which the Barbers received a payment in exchange for releasing Remington "from any and all past, present, or future claims . . . whether based on a tort, contract, or other theory of recovery, which the Plaintiffs now have, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the Accident . . . ." In 2010, the Barbers appeared in a CNBC documentary concerning the theory that the 2000 accident was the result of a design defect. Remington responded with a statement that the Model 700 is safe when used properly, that the Barber rifle was rusted and had been modified, and "in testing by experts for both Remington and the Barber family, the Barber rifle would fire only by pulling the trigger while the safety was in the fire position." The Barbers brought this suit, alleging, among other things, that they were defamed by Remington's statements.

We agree with the district court that the 2002 release of claims barred the Barbers' defamation claim. Remington's allegedly defamatory statements are

2

substantively identical to statements it made in response to the Barbers' appearance in a 2001 CBS Evening News report before the Barbers filed their first lawsuit against Remington.  That the Barbers attempt to continue the litigation of released claims is shown by their statement that they seek a judicial determination of "who is telling the truth, and who is not" about Remington's product.  Because the statements at issue do not differ from statements Remington made prior to the 2002 release of claims, we need not consider whether, under Montana law, a post-accident settlement agreement may release a party from liability for distinct, subsequent tortious conduct.

**AFFIRMED.**